FILED
JUN - 8 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL WAKIL AMIRI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09 1058 |
| TODD KELTING, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff alleges that he had filed a lawsuit in the Superior Court of the District of Columbia against his landlord, and that defendants Todd Kelting, Esq. and the law firm of Deckbaum Ogens and Raftery represented the landlord. In his complaint, plaintiff describes a meeting with defendant Kelting at the law firm's offices during which plaintiff was assaulted, harassed, and otherwise intimidated by Kelting's behavior. Plaintiff purports to bring a civil rights action, presumably under 42 U.S.C. § 1983, and demands damages totalling $30 million.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show that (1) the conduct of which the plaintiff complains was committed by a person acting under color of state or District of Columbia law, and (2) the conduct deprived the plaintiff of a constitutionally-protected right. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint is deficient because it does not allege that a person who acted under color of state or District of Columbia law deprived him of a right, privilege or immunity protected by the United

States Constitution.  In other words, there is no state actor.  Accordingly, the Court will dismiss the complaint because it fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 28 May 2009